UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM DESMOND CONRAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:24-cv-12 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on William Conrad's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is a second or successive motion within the meaning of 28 U.S.C. §§ 2244 and 2255, that has been denied certification by the United States Court of Appeals for the Eighth Circuit, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As a result, the motion will be denied and the case will be dismissed.

### Background

On March 20, 2013, Conrad pled guilty before this Court to the offense of possession of child pornography and, on August 26, 2013, this Court sentenced Conrad to the Bureau of Prisons for a term of 151 months. *United States v. Conrad*, 1:12-cr-85 SNLJ (E.D. Mo.). Conrad appealed his conviction and sentence to the Eighth Circuit Court of Appeals (No. 13-3229), but it was affirmed on June 12, 2014. *Id.* at ECF Nos. 71-72.

On June 8, 2015, Conrad filed his first motion to vacate pursuant to § 2255, arguing sixteen (16) grounds for relief based on ineffective assistance of counsel. *Conrad v. United*

*States*, 1:15-cv-107 SNLJ (E.D. Mo.).  The Court denied the motion on the merits on October 1, 2015.  *Id.* at ECF No. 17.  Conrad appealed to the Eighth Circuit Court of Appeals (No. 15-3525), which denied him an application for a certificate of appealability on February 12, 2016.  *Id.* at ECF No. 24.  Conrad filed a petition for writ of certiorari with the U.S. Supreme Court (No. 16-8253), which denied rehearing on June 12, 2017.  *Id.* at ECF No. 27.  Conrad filed another appeal with the Eighth Circuit Court (No. 19-2736) but the Court summarily affirmed on October 1, 2019.  *Id.* at ECF No. 29.  Conrad again filed a petition for writ of certiorari with Supreme Court (No. 19-7725), which was denied on April 22, 2020.  *Id.* at ECF Nos. 32-33.  Finally, in 2023, Conrad filed two petitions with the Eighth Circuit Court requesting permission to file a successive habeas application in this district court.  Both requests were denied.  *Id.* at ECF Nos. 35-38.

Conrad filed the instant motion on January 29, 2024, seeking review and reduction of his sentence under § 2255.  ECF No. 1.  He alleges constitutional violations including denial of due process, that an ex post facto violation increased his sentence, denial of his right to petition for redress of grievances, and a fifth amendment violation.  *Id.* at 4-8.

### Discussion

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Conrad requested and was twice denied permission to file a successive § 2255 motion by the Eighth Circuit Court of Appeals regarding his federal criminal conviction. The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises*, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted).

Because Conrad has been denied permission from the Court of Appeals to file this action, this Court lacks jurisdiction to entertain the motion. Therefore, the motion is denied, and this action is dismissed without prejudice. Conrad will not be prejudiced by the dismissal of this action. The Court will hear his successive petition if and only if the Court of Appeals authorizes its filing.

Finally, Conrad has not met the burden for issuing a certificate of appealability under 28 U.S.C. § 2253(c). To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing

3

*Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)).  Because Conrad has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that William Conrad's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 18th day of April, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE